IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


RICKEY LOUIS JACKSON, #692137,    )
        Plaintiff,              )
                                    )
v.                                )             3:05-CV-2541-N
                                    )             ECF
GEO GROUP, INC., et al.,       )
        Defendants.         )


FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by an inmate pursuant to 42 U.S.C. § 1983.

Parties:  At the time of filing this action, Plaintiff was confined at a private facility run by GEO Group known as Correctional Service Corporation in Fort Worth, Texas.  He was recently transferred to the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) and is presently confined at the Wheeler Unit of TDCJ-CID in Plainview, Texas. Defendants are GEO Group, which runs Correctional Service Corporation, and Mr. McGuire, the Facility Administrator at Correctional Service Corporation.  The Court did not issue process in this case, pending preliminary screening.

Statement of Case:  Even when liberally construed, the complaint and answers to the

questionnaire are difficult to understand.  Plaintiff alleges Correctional Service Corporation and

Mr. McGuire falsely imprisoned him and denied him "gate money."  (Amended Complaint at 4).

In answer to the questionnaire, Plaintiff seeks immediate release from TDCJ-CID, where he was

recently transferred, and monetary damages against Mr. McGuire.  (Answer to Question 1).

A brief procedural history of Plaintiff's confinement follows.  On October 5, 2005,

Plaintiff was sentenced to four years imprisonment in Cause No. 22369-422 in Kaufman County

for delivery of a controlled substance.  (Answer to Questions 3 and 4).  Thereafter, on November

28, 2005, the Texas Department of Criminal Justice Pardons and Parole Division released

Plaintiff under Mandatory Supervision on his "old" TDCJ number to the office of Correctional

Service Corporation in Fort Worth, Texas.  (Exh. A attached to Amended Complaint, and

Original Complaint at 1).  Plaintiff alleges Kaufman County did not release him until December

19, 2005, three days late (Amended Complaint at 3), and that on December 20, 2005, his brother

brought him to Correctional Service Corporation in Fort Worth, Texas (Answer to Question 2).

Plaintiff was subsequently transferred to TDCJ-CID to serve his four-year sentence under a

"new" TDCJ number.  (Notice of Address Change filed March 8, 2006).

Prior to filing this action, Plaintiff submitted a Step 1 and Step 2 grievance to

Correctional Service Corporation complaining about his false imprisonment.  (See Attachments

to Amended complaint).  On January 18, 2006, Sussan L. Bussa, Program Director, advised

Plaintiff that his "false imprisonment [claim] is not a grievable issue as it does not fall under the

control of the GEO-Ft. Worth Community Corrections Facility.  You need to seek redress

through Parole."  (Id.).

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff's request for release from Correctional Service Corporation in Fort Worth, Texas, is now moot.  His pleadings confirm that he was recently transferred to TDCJ-CID, where he remains as of the filing of this recommendation.  (See Notice of Address Change filed on March 8, 2006).

Insofar as Plaintiff requests release from his present confinement within TDCJ-CID, his claim is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."); see also Wilkinson v. Dotson, 544 U.S. 76, 78-79 (2005); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek

immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983

provides the proper avenue to challenge unconstitutional conditions of confinement and prison

procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

In addition to seeking release from confinement, the original complaint requested

Plaintiff's "gate money" allegedly held by Mr. McGuire.  (Complaint at 4).  In answer to the

questionnaire, Plaintiff requests monetary damages against Mr. McGuire.  (Answer to Question

1).  This Court lacks the authority to order the withdrawal of Plaintiff's "gate money."  Insofar as

Plaintiff seeks monetary relief against Mr. McGuire, his claim should be dismissed with prejudice

as frivolous because he has failed to allege a deprivation of a right secured by the Constitution

and laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988) (to obtain relief under 42

U.S.C. § 1983, a plaintiff must prove two elements:  (1) a deprivation of a right secured by the

Constitution and laws of the United States, and (2) a deprivation of that right by the defendant

acting under color of state law).[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claim for release from

confinement against GEO Group and/or Correctional Services Corporation be dismissed as

moot.

It is further recommended that Plaintiff's claim against Mr. McGuire be dismissed with

prejudice as frivolous, and that Plaintiff's request for release from confinement against TDCJ-

---

[1]       The Fifth Circuit has recognized that private prison-management corporations and their employees act under color of state law, and thus may be sued under § 1983 by a prisoner who has suffered a constitutional injury, because confinement of wrongdoers, though sometimes delegated to private entities, "is a fundamentally governmental function."  Rosborough v. Management & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003).

CID be dismissed without prejudice to Plaintiff reasserting his claim in a habeas corpus action pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of May, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.